1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    LAITH SIKTA,                              No.  2:21-CV-0236-KJM-DMC-P

12                    Plaintiff,

13           v.                                 <u>ORDER</u>

14    COUNTY OF SACRAMENTO, et al.,

15                    Defendants.

16

17           Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42

18    U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

19           The Court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26    means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d

27    1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2  with at least some degree of particularity overt acts by specific defendants which support the

3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4  impossible for the Court to conduct the screening required by law when the allegations are vague

5  and conclusory.

6         Plaintiff names as defendants the County of Sacramento and the Rio Cosumnes

7  Correctional Center, which is a county jail.  See ECF No. 1, pg. 1.  According to Plaintiff:

8  
9       This lawsuit is in reference to COVID-19 and that the CDC
     recommendations are not being met.  Social distancing, mask, unclearly
     environment and that I am innocent until proven guilty without any
10       medical testing being done.  This is in violation of California Constitution
     article 1 & 6 and being violated especially the 6th, 8th, and 14th
11       amendments with due process of law subjecting to cruel and unusual
     punishment.

12       Id. at 3.

13         Municipalities and other local government units, such as the County of

14  Sacramento and the Rio Cosumnes Correctional Center, are among those "persons" to whom

15  § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties

16  and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see

17  also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local

18  government unit, however, may not be held responsible for the acts of its employees or officials

19  under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S.

20  397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of

21  the actions of its employees or officers. See id.  To assert municipal liability, therefore, the

22  plaintiff must allege that the constitutional deprivation complained of resulted from a policy or

23  custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to

24  withstand dismissal even if it is based on nothing more than bare allegations that an individual

25  defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los

26  Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

27  / / /

28  / / /

2

1    Here, Plaintiff has not alleged any specific custom, policy, or practice of either

2  defendant which resulted in the violations alleged in the complaint.  While Plaintiff states that

3  guidelines promulgated by the Centers for Disease Control and Prevention (CDC) "are not being

4  met," Plaintiff does not allege this is due to any custom, policy, or practice of the County of

5  Sacramento or the Rio Cosumnes Correctional Center.

6    Because it is possible that the deficiencies identified in this order may be cured by

7  amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire

8  action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

9  informed that, as a general rule, an amended complaint supersedes the original complaint.  See

10  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

11  amend, all claims alleged in the original complaint which are not alleged in the amended

12  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

13  Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

14  Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

15  complete in itself without reference to any prior pleading.  See id.

16    If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

17  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

18  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

19  each named defendant is involved, and must set forth some affirmative link or connection

20  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

21  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

22    Finally, Plaintiff is warned that failure to file an amended complaint within the

23  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

24  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

25  with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

26  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

27  / / /

28  / / /

3

Accordingly, IT IS HEREBY ORDERED that:

      1.     Plaintiff's complaint is dismissed with leave to amend; and

      2.     Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  March 23, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE